UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| US FOODS, INC.,<br><br>    Plaintiff,<br><br>        v.<br><br>LALLA HOLDING CORP.; CHANI MODI; and RAVI LALLA,<br><br>    Defendants. | Case No. 5:13-cv-02328 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED IN PART AND DENIED IN PART** |

In this diversity action, plaintiff US Foods, Inc. (US Foods) sues to recover $93,283.78 it says is due and owing in connection with its supply of food and food-related products to defendants. It asserts claims for breach of contract (and, alternatively, for unjust enrichment) against defendant Lalla Holding Corp. (Lalla Holding).[1] Specifically, US Foods entered into a Credit Agreement with Lalla Holdings that provides, in relevant part:

> Payment of the purchase price for goods and/or services acquired from [plaintiff] shall be made pursuant to the terms set forth on each invoice, and [Lalla Holdings] agrees to pay all charges according to the payment terms established in said invoice. The entire outstanding balance due to [plaintiff] on all invoices shall become

---

[1] Plaintiff also asserted claims for breach of a guaranty agreement (and alternatively, for unjust enrichment) as to individual defendants Chani Modi and Ravi Lalla. Plaintiff advised that those defendants filed for bankruptcy. And, the instant motion seeks default judgment only against Lalla Holding.

> due in full immediately upon default in the payment of any invoice. [Lalla Holdings] agrees to pay interest in the amount of 1.5% per month, or the maximum rate that [Lalla Holdings] may lawfully contract to pay, whichever is less, and in all events calculated in accordance with applicable law, on any payment considered past due until collected. [Lalla Holdings] agrees to pay all costs of collection incurred by [plaintiff], including reasonable attorneys' fees and expenses, should a default in payment or any other obligation of [Lalla Holdings] occur.

(Complaint, Ex. A at p. 2 ¶ 5). US Foods says that it supplied, and Lalla Holdings accepted, all requisite goods and services, but Lalla Holdings failed to pay.

Defendants were served with the complaint and summons. (Dkt. No. 7). However, none of them answered or otherwise responded to the allegations. Nor did any of them appear in this action, formally or otherwise, to defend against plaintiff's claims. At plaintiff's request, the Clerk of the Court entered Lalla Holding's default. (Dkt. No. 13). Plaintiff now moves for default judgment of $93,283.78 for past due amounts, plus $5,245.35 in interest and $10,305.00 for attorney's fees it says it incurred in bringing this lawsuit. At the court's direction, plaintiff submitted additional papers in support of its motion, including the attorneys' unredacted billing statements for in camera review. The matter is deemed appropriate for determination without oral argument. Civ. L.R. 7-1(b). Upon consideration of the moving papers and the record in this case, this court recommends that plaintiffs' motion be granted in part and denied in part.

After entry of default, courts may, in their discretion, enter default judgment. See Fed. R. Civ. P. 55; Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In deciding whether to enter default judgment, a court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except those relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). When the damages claimed are not readily ascertainable

from the pleadings and the record, the court may hold a hearing to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2).

All of the Eitel factors favor entry of default judgment here. Plaintiff's claims have merit and are sufficiently pled. The complaint adequately alleges that Lalla Holdings breached the Credit Agreement by failing to pay for all requisite goods and services that US Foods supplied. The sum of money at stake in the action is not insignificant. Nevertheless, because all liability-related allegations are deemed true, there is no possibility of a dispute as to material facts. Moreover, Lalla Holdings has failed to appear or present a defense in this matter; and, there is no indication that defendant's default was due to excusable neglect. While the court prefers to decide matters on the merits, Lalla Holding's failure to participate in this litigation makes that impossible. A default judgment against Lalla Holdings is plaintiff's only recourse.

With respect to the past due sums, plaintiff has submitted the declaration of Joyce Barnett, US Foods National Account Credit Supervisor, who avers that plaintiff is owed the principal amount of $93,283.78, [2] plus $5,245.35 in interest, for a total of $98,529.13. (Barnett Decl. ¶¶ 4-8; see also Complaint, Exs. A, B).

As for plaintiff's claimed attorneys' fees, only one of plaintiff's attorneys, Bahareh Wullschleger, submitted a declaration (1) identifying her billing rate and that of plaintiff's other attorney, Brandy McMillion; and (2) describing their respective experience and the work they performed in this case. (Wullschleger Decl. ¶¶ 4-6, 8-10, Ex. 1). "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L.Ed.2d

---

[2] Although the Barnett Declaration states that the past due amounts are $93,286.78, this appears to be a typographical error inasmuch as the grand total Barnett attests to is the sum of the requested $93,283.78 and $5,245.35 in interest. (Barnett Decl. ¶ 6).

3

891 (1984). Ideally, each attorney would have submitted declarations supporting plaintiff's request for fees. Nevertheless, as to each attorney's background and experience, Wullschleger's statements are ones that are readily confirmed by information published on their firm's public website. Here, Wullschleger avers that she has been licensed in California since 2008 (and in the District of Columbia since 2009) and has experience in commercial litigation matters. (Wullschleger Decl. ¶ 4). Wullschleger further states that McMillion has been licensed in Michigan since 2006 (and in Illinois since 2007) and has experience in commercial litigation, credit, and collection matters. (Id. ¶ 5). Because both attorneys work at the same firm, the court will also credit Wullschleger's assertions as to both their hourly rates, which happen to be identical: $450 per hour.[3] However, other than referencing the rate charged, and asserting that it is reasonable, Wullschleger has not submitted any information about prevailing hourly rates of pay for attorneys in this market. This, standing alone, is insufficient to support the reasonableness of the charged hourly rate.

Nevertheless, the court can rely on its own knowledge and experience in evaluating a request for fees. Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011) (agreeing that "judges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable and proper fees."); see also Minichino v. First California Realty, No. C11-5185 EMC, 2012 WL 6554401 at *7 (N.D. Cal., Dec. 14, 2012) (relying on the court's own experience in evaluating a fee request). And, based on this court's familiarity with the range of rates customarily charged by attorneys practicing before it, the stated hourly rate appears to be somewhat high compared to those charged for cases of this magnitude and complexity and for similar work performed by attorneys of comparable skill, experience, and reputation---particularly with respect to Wullschleger, who at the time the instant motion was filed, had been practicing not more than five years. See, e.g., Virtusio v. Financial Industry Regulatory Authority, Inc., No. 12-cv-00602 NC,

---

[3] Although McMillion does not practice here, her hourly rate will be considered in the context of reasonable rates in the San Francisco Bay Area. See Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997) ("Generally, the relevant community is the forum in which the district court sits.") (citing Davis v. Mason County, 927 F.2d 1473, 1488 (9th Cir. 1991)).

2014 WL 1308691 at *4 (N.D. Cal., Mar. 31, 2014) (in a breach of contract action, finding a discounted flat rate of $305/hour to be below the prevailing market rate for an associate with 7 years experience who ordinarily charged $410/hour, noting that an industry publication established an average billing rate for a San Francisco associate of $482/hour);[4] Fresh v. Greene Transport, No. 4:11-cv-06683 DMR, 2013 WL 5754395 at *9 (N.D. Cal., Oct. 23, 2013) (in insurance/contract action, finding that a discounted hourly rate of $450 was well within prevailing rates charged by a partner with 14 years experience); Minichino, 2012 WL 6554401 at *7 (in a contract action, awarding fees at $555/hour for a partner with 14 years experience and $450-480/hour for senior counsel with 9 years experience); Hart v. Exmor Capital, No. CV10-05421 CW (NJV), 2011 WL 6119168 at *5 (N.D. Cal., Oct. 14, 2011) (observing that case law supports reasonable rates in the San Francisco Bay Area ranging from $450/hour in environmental cases for an attorney with at least 25 years experience to $425/hour in a securities fraud case for attorneys with at least 20 years experience, to a rate of $245.25 for 2009-2010 for a San Francisco attorney with 1-3 years experience).  The court therefore declines to grant the requested fees as to Wullschleger, for lack of sufficient support as to the reasonableness of her hourly rate. Nevertheless, the court will grant plaintiff's requested fees of $7,065.00, at the $450 hourly rate, as to McMillion, who had two more years experience than Wullschleger and who, billing records indicate, performed the bulk of the substantive work in this matter.  Having reviewed those records, the court is satisfied that those fees reasonably were incurred.

Because all parties have yet to consent to the undersigned's jurisdiction, IT IS ORDERED THAT this case be reassigned to a District Judge.  Further, it is RECOMMENDED that default judgment be entered for plaintiff in the amount $105,594.13 for past due sums, interest, and attorney's fees.  Any party may serve and file objections to this Report and Recommendation

---

[4] It is unclear what range of years of experience were used by the industry publication, referenced in Virtusio, to calculate the average $482 hourly rate for San Francisco associates.

within fourteen days after being served.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**SO ORDERED**.

Dated:  September 25, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:13-cv-02328-HRL Notice has been electronically mailed to:

Bahareh Maryam Wullschleger    bahareh.wullschleger@bryancave.com, dominic.sims@bryancave.com, malou.sana@bryancave.com